IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01300-WDM-BNB

CHARLES ALLEN GARRISON,

Applicant,

v.

JOE ORTIZ, Executive Director Colorado Department of Corrections, and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,

Respondents.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** (the "Application"), filed by Charles Allen Garrison (the "petitioner") on August 12, 2005. The respondent filed an Answer to Order to Show Cause[1] (the "Answer") on September 30, 2005. For the following reasons, I respectfully RECOMMEND that the Application be DENIED.

### I. THE LAW

This Court may review the petitioner's application for writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An application cannot be granted unless it appears that the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b)(1).

---

[1] There was no order to show cause issued in this case.

If a petitioner exhausts his available state remedies, his application may be granted only if the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Factual determinations made by the state court are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Generally, if a petitioner fails to exhaust available state remedies, a federal court should dismiss the application without prejudice so that the state remedies may be pursued. Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997). The federal court, however, should first consider whether the petitioner would be able to raise the unexhausted claims in the state court. Id.

If the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the petitioner's claims are procedurally defaulted for purposes of federal habeas corpus relief. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). The federal court may not consider issues raised in a habeas corpus petition that have been defaulted in state court on an independent and adequate procedural ground unless the petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal law or can demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. 722, 750 (1991). The determination of cause, prejudice, and fundamental miscarriage of justice are matters of federal law. Demarest, 130 F.3d at 941.

## II.  BACKGROUND

The background facts of this case were stated by the Colorado Court of Appeals as follows:

> Defendant, Charles Allen Garrison, appeals the judgment of conviction entered upon jury verdicts finding him guilty of first degree murder after deliberation and using a deadly weapon. We affirm.
>
> Defendant was contacted by police in the mountains west of Denver in March 1999 for reasons unrelated to the murder. After driving his car into a ravine, defendant was medically treated for self-inflicted knife wounds and issued a summons for traffic charges.
>
> Six days later, police officers in Aurora discovered the victim's partially decomposed body. Evidence was presented at trial that the victim died of two knife wounds inflicted during a time that included defendant's first police contact.
>
> Defendant was charged with first degree murder and mandatory sentencing for a crime of violence. During trial, the court admitted over defendant's objection certain hearsay statements made by the victim. Upon conviction, defendant was sentenced to life imprisonment without possibility of parole.

*Answer*, Attachment C, p. 1.

The petitioner appealed the trial court's admission of the hearsay statements.  Id.  The appellate court upheld the trial court's admission of the statements.  Id.  After the court issued its unpublished opinion, the United States Supreme Court announced its decision in Crawford v. Washington, 541 U.S. 36 (2004).  The petitioner filed a petition for rehearing, arguing that the holding in Crawford required reversal.  Id. at Attachment D.  The appellate court issued another opinion rejecting this argument and affirming the judgment of conviction.  Id. at Attachment E.

The Colorado Supreme Court denied petitioner's petition for a writ of certiorari. Id. at Attachment F. The petitioner now seeks habeas corpus relief.

### III.  ANALYSIS

The Application asserts two claims. The respondents concede that the petitioner exhausted both claims in the state courts. Therefore, the Application can be granted only if the adjudication of the claims (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

### A.  Claim One

Claim One asserts that the petitioner's constitutional right of confrontation was violated when the trial court admitted, as an excited utterance, hearsay statements made by the victim on February 21, 1999. The petitioner argues that the statements lacked key indicia of reliability because the statements were not so startling as to render the victim's normal thought processes inoperative.

The applicable federal law on this issue is clearly established. The Confrontation Clause of the Sixth Amendment, made applicable to the states through the Fourteenth Amendment, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. An unavailable witness' out-of-court statements may be admitted only if the statements have adequate indicia of reliability, *i.e.*, so long as they fall within a "firmly rooted hearsay exception" or bear "particularized guarantees of trustworthiness." Ohio v. Roberts, 448 U.S. 56, 66 (1980).

An excited utterance is defined as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Fed. R. Evid. 803(2).  The excited utterance exception requires that "(1) there was a startling event; (2) the statement was made while the declarant was under the stress of excitement from this event; and (3) the statement related to this event."  Woodward v. Williams, 263 F.3d 1135, 1140 (10th Cir. 2001).  The excited utterance exception to the hearsay rule is firmly rooted.  Id. (citing White v. Illinois, 502 U.S. 346, 355 n.8 (1992).  Excited utterances may be admissible even if they were made in response to an inquiry.  E.g., United States v. Glenn, 473 F.2d 191, 194 (D.C. Cir. 1972).

The state appellate court determined that the February 21, 1999, statements were reliable as follows:

> We disagree with defendant's assertion that the February 21, 1999 statements do not qualify for admission under the hearsay exception for excited utterances.
>
> Unless an exception or exclusion applies, a hearsay statement is not admissible. CRE 801, 802.  An excited utterance is an exception to the hearsay rule and is defined as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."  CRE 803(2); *People in Interest of O.E.P.,* 654 P.2d 312 (Colo. 1982).
>
> The trial court is in the best position to consider the effect of a startling event on the declarant; thus, it is afforded wide discretion in determining admissibility under the excited utterance exception. *People v. Martinez*, 18 P.3d 831 (Colo. App.2000); *Canape v. Peterson*, 878 P.2d 83 (Colo. App.1994), aff'd, 897 P.2d 762 (Colo.1995).  If the evidence supports the trial court's ruling, we will not disturb it.  *People v. Martinez, supra.*
>
> The requirements for admissibility under CRE 803(2) are: (1) the event must be sufficiently startling to render normal reflective

thought processes of the observer inoperative; (2) the statement must be a spontaneous reaction to the occurrence; and (3) direct or circumstantial evidence must exist to allow the jury to infer that the declarant had the opportunity to observe the startling event. *People v. Martinez, supra*.

Here, evidence was presented at the motions hearing that the victim received approximately fifteen phone calls within a one-hour period at the fast-food restaurant where he was employed. The victim would slam the phone down to end the calls, and the phone would ring again a few seconds later. The victim's training manager, who was present during the calls, observed that the calls made the victim very upset, angry, and extremely emotional, and resulted in the victim using obscenities. The training manager overheard the victim saying "It's over. Do whatever you have to do." The training manager asked the victim what was going on, and the victim replied that an old friend of his was calling and threatening to kill him.

The court ruled that the statements were material to the victim's state of mind, were "classic res gestae," and had some bearing on the question of identity. Defendant does not challenge these findings. The trial court also held that the statements made by the victim both on the phone or after hanging up the phone were admissible either as excited utterances or spontaneous sense impressions under CRE 803(1)-(2).

Defendant argues in his brief on appeal that the statements made by the victim during and after the phone calls were not excited utterances because the series of calls was not a startling event. However, the record supports the trial court's conclusion that the victim was "extremely excited and mad" and had "no time to reflect on his statements that were made under stress." *See United States v. Martin*, 59 F.3d 767 (8th Cir.1995)(declarant's statement that the defendant would burn down his house was admissible as an excited utterance where declarant made statement after receiving threatening phone call and in response to witness's asking what was wrong); *United States v. Vretta*, 790 F.2d 651 (7th Cir.1986)(declarant's statement to witness that party had threatened to kill him during phone call admissible as excited utterance).

Nor do we agree with defendant's argument that the statement made after the phone call was not spontaneous because it was made

> after the training manager asked what was going on. The fact that
> the statement was made in response to a question does not preclude
> it from being an excited utterance. *See People in Interest of
> O.E.P.*, *supra*; *People v. Martinez, supra*.

*Answer*, Attachment E, pp. 3-4.

The appellate court's resolution of this claim was not contrary to established federal law, nor did it result in an unreasonable determination of the facts presented in the state court proceeding. Factual determinations made by the state court are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The petitioner does not attempt to rebut any factual determinations made by the state court. Therefore, I find no basis upon which to grant the petitioner's Application with regard to this claim. 28 U.S.C. § 2254(d).

### B.  Claim Two

Claim Two asserts that the petitioner's constitutional right to confrontation was violated when the trial court admitted, under the residual hearsay exception, hearsay statements made by the victim on March 8, 1999. The petitioner argues the following:

> In this case, the trial court's conclusion that the statements were
> admissible as residual hearsay were exclusively premised on its
> conclusion that there was "strictly no motive to lie." This
> conclusion was not supported by the evidence. There were plenty
> of reasons to lie or exaggerate as the speaker was being examined
> by a superior concerning his poor job performance that day. There
> were no guarantees of trustworthiness at all, let alone any that
> would rise to constitutional status. See also Crawford v.
> Washington . . . .

*Application*, p. 6a.

The residual hearsay exception is not a firmly rooted hearsay exception. <u>Idaho v. Wright</u>, 497 U.S. 805, 817 (1990). Therefore, the reliability of the March 8, 1999, statements must be established by a showing of particularized guarantees of trustworthiness. <u>Id.</u> at 816. A finding of particularized guarantees of trustworthiness must be based on a consideration of the totality of the circumstances. <u>Id.</u> at 820. The relevant circumstances are "those surrounding the making of the statement and that render the declarant particularly worthy of belief." <u>Id.</u> The Supreme Court has declined to endorse specific factors to consider when determining whether particularized guarantees of trustworthiness are present. <u>Id.</u> at 822. Instead, "courts have considerable leeway in their consideration of appropriate factors." <u>Id.</u> Nevertheless, evidence admitted under this requirement must be so trustworthy "that adversarial testing would add little to its reliability." <u>Id.</u> at 821. "[I]f the declarant's truthfulness is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility, then the hearsay rule does not bar admission of the statement at trial." <u>Id.</u> at 820.

The state appellate court determined that the March 8, 1999, statements were properly admitted as follows:

> We also reject defendant's contention that the trial court erred in admitting the March 8, 1999 statements made by the victim to the training manager. To the extent defendant continues to assert that these statements were not accompanied by particularized guarantees of trustworthiness sufficient to satisfy the requirements of CRE 804(b)(5) and the right to confront and cross-examine witnesses under the United States and Colorado Constitutions, we disagree.
>
> Here, at the motions hearing, the training manager testified that he and the victim had a discussion on March 8 about the February 21, 1999 events. When the manager noticed that the victim's behavior and work habits were different from normal, he asked the victim

> what was wrong. The victim asked the manager whether he remembered the guy that was calling him a couple of weeks earlier. The manager indicated that he did, and the victim said, "Well, he's coming here from California to kill me."
>
> In ruling that the statements were admissible under CRE 807, the residual hearsay exception, the trial court found that these statements were a continuation of the February 21 statements, the victim had no motive to lie, and the statements were offered as evidence of a material fact. The court also viewed them as an excited utterance and present sense impression. The court added that the statements were material to identity and that their relevance outweighed any prejudice.
>
> We note at the outset that the residual hearsay exception is not a firmly rooted exception, see *Idaho v. Wright*, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), and thus particularized guarantees of trustworthiness are required for statements to satisfy the Confrontation Clause under this exception.
>
> Defendant concedes that in some sense the statements were a continuation of the February 21 statements, that materiality and notice are not questioned, and that, if believed, the statements were highly probative. However, defendant contends that the victim had a motive to lie. He argues that like any subordinate "called to the carpet," the victim was motivated to make up an excuse for his poor performance that day. We conclude the evidence does not support this assertion.
>
> The training manager testified that, after noticing the victim was short tempered and irritated, he asked the victim whether he was okay. The record does not suggest that the training manager directly addressed or confronted the victim about his performance that day. Rather, the training manager only encouraged him to do something about the threats. The victim's own reference to the previous statements supports a conclusion that the statements were voluntary and made from the victim's personal knowledge.
>
> Therefore, we conclude that the trial court did not abuse its discretion in admitting these statements.

*Answer*, Attachment E, pp. 4-5.

The state appellate court considered the totality of circumstances surrounding the statement and found that the victim was "particularly likely to be telling the truth when the statement was made." See Wright, 497 U.S. at 822. The appellate court's adjudication of Claim Two was in accordance with clearly established federal law and is based on a reasonable determination of the facts presented. I find no basis upon which to grant the Application with respect to this claim. See 28 U.S.C. 2254(d).

Even if I were to find that the state courts' determination of admissibility resulted in a decision that was contrary to clearly established law, a Constitutional trial error--as alleged here-- is also subject to a harmless error analysis. Crespin v. New Mexico, 144 F.3d 641, 649 (10th Cir. 1998) (finding that, although the admission of an accomplice's statement violated the Confrontation Clause, the error was harmless). "A federal court reviewing a state court determination in a habeas proceeding should not grant relief unless the court finds the trial error 'had substantial and injurious effect or influence in determining the jury's verdict.'" Id. (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)). "To obtain relief for the error, the habeas petitioner must 'establish that it resulted in actual prejudice.'" Id. (quoting Brecht, 507 U.S. at 637).

The petitioner bears the burden of establishing actual prejudice. Crespin, 144 F.3d at 649. The petitioner does not provide any evidence (or argument) to establish actual prejudice. Therefore, regardless of whether the trial court erroneously admitted the March 8, 1999, statement, I find no basis upon which to grant the petitioner's Application with regard to Claim Two.

### C. Applicability of Crawford

The state appellate court determined that Crawford v. Washington, 541 U.S. 36 (2004), applied only to testimonial hearsay statements and, therefore, did not apply in this case because the victim's statements were not testimonial in nature. *Answer*, Attachment E, p. 5. The last sentence of the petitioner's second claim states "See also Crawford v. Washington . . . ." I liberally construe this sentence as challenging the state courts' determination that Crawford does not apply to the petitioner's claims.

In Crawford, the Supreme Court overruled Ohio v. Roberts to the extent Roberts allowed the admission of testimonial hearsay evidence against the defendant without a prior opportunity for cross-examination. The Court held that testimonial hearsay statements are barred by the confrontation Clause unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant, regardless of whether such statement is deemed reliable by the court. The Court clearly limited its holding to testimonial hearsay statements, as follows:

> Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law--as does *Roberts*, and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether.

541 U.S. at 68. See also U.S. v. Summers, 414 F.3d 1287, 1300 (10th Cir. 2005).

Accordingly, the state appellate court's adjudication of this claim was in accordance with clearly established Federal law. The petitioner does not attempt to rebut any factual determinations made by the state court. Therefore, I find no basis upon which to grant the petitioner's Application under Crawford. 28 U.S.C. § 2254(d).

### IV. CONCLUSION

For all of these reasons, I respectfully RECOMMEND that the petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 22, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge